IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

JERRY CARROLL,

      Plaintiff,

vs.

No. 11-1009-JDT/egb

CARROLL COUNTY, et al.,

      Defendants.

---

ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

---

On January 6, 2011, Plaintiff Jerry Carroll, prison registration number 168088, an inmate who was then confined at the Lois Deberry Special Needs Facility ("DSNF"), in Nashville, Tennessee, filed a pro se complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Middle District of Tennessee at Nashville, along with a motion to proceed in forma pauperis. (Docket Entry ("D.E.") 1; D.E. 2.) On January 11, 2011, United States District Judge Aleta Trauger entered an order granting the motion to proceed in forma pauperis, assessing the filing fee and transferring the action to the Western District of

Tennessee. (D.E. 3.) The Clerk shall record the defendants as Carroll County[1] and Rhonda Verner.

Plaintiff Carroll alleges that he was confined at the Carroll County Jail from October 8, 2008, until March 3, 2009, at which time he was transferred to the Tennessee Department of Correction. On an unspecified dated during Plaintiff's confinement at the Jail, he was transported to Baptist Memorial Hospital in Huntingdon due to seizure activity. Plaintiff alleges that Jail Administrator Rhonda Verner denied him further medical treatment after the hospital visit.

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1)     is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2)     seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted,

[t]he court must construe the complaint in the light most favorable to plaintiffs, accept all well-pled factual allegations as true and determine whether plaintiffs undoubtedly can prove no set of facts consistent with their allegations that would entitle them to relief. . . . Though decidedly liberal, this standard does require more than bare assertions of legal conclusions. . . . Plaintiffs' obligation to

---

[1]     Plaintiff named the Carroll County Sheriff's Department and the Carroll County Jail as Defendants.  Governmental departments, divisions, and buildings are not suable entities.  Therefore, the Court construes those claims against Carroll County.  See generally Hafer v. Melo, 502 U. S. 21 (1991).

> provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show <u>entitlement</u> to relief. . . . To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.

<u>League of United Latin Am. Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007) (citations omitted; emphasis in original); <u>see also</u> <u>Minadeo v. ICI Paints</u>, 398 F.3d 751, 762-63 (6th Cir. 2005) (complaint insufficient to give notice of statutory claim); <u>Savage v. Hatcher</u>, 109 F. App'x 759, 761 (6th Cir. 2004); <u>Coker v. Summit County Sheriff's Dep't</u>, 90 F. App'x 782, 787 (6th Cir. 2003) (affirming dismissal of <u>pro</u> <u>se</u> complaint where plaintiff "made 'bare bones,' conclusory assertions that do not suffice to state a cognizable constitutional claim"); <u>Foundation for Interior Design Educ. Research v. Savannah College of Art & Design</u>, 244 F.3d 521, 530 (6th Cir. 2001) (the complaint must "'allege a factual predicate concrete enough to warrant further proceedings'") (citation omitted).

Plaintiff has sued Carroll County. When a § 1983 claim is made against a municipality, the court must analyze two distinct issues: (1) whether plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. <u>Collins v. City of Harker Heights, Tex.</u>, 503 U.S. 115, 120 (1992). The second issue is dispositive of Plaintiff's claim against Carroll County.

A local government "cannot be held liable <u>solely</u> because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a <u>respondeat</u> <u>superior</u> theory." <u>Monell v. Dep't. of Soc. Serv.</u>, 436 U.S. 658, 691 (1978) (emphasis in original); <u>see</u>

also Searcy v. City of Dayton, 38 F.3d 282, 286 (6th Cir. 1994); Berry v. City of Detroit, 25 F.3d 1342, 1345 (6th Cir. 1994). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. Monell, 436 U.S. at 691-92; Deaton v. Montgomery Co., Ohio, 989 F.2d 885, 889 (6th Cir. 1993). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." Alkire v. Irving, 330 F.3d 802, 815 (6th Cir. 2003) (citing Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993)). "Where a government 'custom has not received formal approval through the body's official decisionmaking channels,' such a custom may still be the subject of a § 1983 suit." Alkire, 330 F.3d at 815 (quoting Monell, 436 U.S. at 690-91). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." Searcy, 38 F.3d at 286 (quoting Polk Co. v. Dodson, 454 U.S. at 326 (citation omitted)). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 138 (1988) (quoting Pembaur v. Cincinnati, 475 U.S. 469, 479-80 (1986)) (emphasis in original).

Although civil rights plaintiffs are not required to plead the facts demonstrating municipal liability with particularity, Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993), the complaint must be sufficient to put the

municipality on notice of the plaintiff's theory of liability, see, e.g., Fowler v. Campbell, Civil Action No. 3:06CV-P610-H, 2007 WL 1035007, at *2 (W.D. Ky. Mar. 30, 2007); Yeackering v. Ankrom, No. 4:05-CV-00018-M, 2005 WL 1877964, at *2 (W.D. Ky. Aug. 5, 2005); Oliver v. City of Memphis, No. 04-2074-B, 2004 WL 3316242, at *4 (W.D. Tenn. Dec. 2, 2004); cf. Raub v. Correctional Med. Servs., Inc., No. 06-13942, 2008 WL 160611, at *2 (E.D. Mich. Jan. 15, 2008) (denying motion to dismiss where complaint contained conclusory allegations of a custom or practice); Cleary v. County of Macomb, No. 06-15505, 2007 WL 2669102, at *20 (E.D. Mich. Sept. 6, 2007) (same); Morningstar v. City of Detroit, No. 06-11073, 2007 WL 2669156, at *8 (E.D. Mich. Sept. 6, 2007) (same); Chidester v. City of Memphis, No. 02-2556 MA/A, 2006 WL 1421099, at *3 (W.D. Tenn. June 15, 2005).  The conclusory allegations of the complaint fail to identify an official policy or custom which caused injury to Plaintiff. Instead, it appears that Plaintiff is suing Carroll County because he was confined in a county institution and Carroll County employed a person who allegedly violated his rights.

The Court therefore DISMISSES the claims against Carroll County pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim on which relief may be granted.

The statute of limitations for a § 1983 action is the "state statute of limitations applicable to personal injury actions under the law of the state in which the § 1983 claim arises." Eidson v. Tenn. Dep't of Children's Servs., 510 F.3d 631, 634 (6th Cir. 2007); see also Wilson v. Garcia, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 1946-47, 85 L. Ed.2d 254 (1985). Sixth Circuit precedent has long made clear that the limitations period for § 1983

actions arising in Tennessee is the one-year limitations provision found in Tenn. Code Ann. § 28-3-104(a). Roberson v. Tennessee, 399 F.3d 792, 794 (6th Cir. 2005); Hughes v. Vanderbilt Univ., 215 F.3d 543, 547 (6th Cir. 2000); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986).

Plaintiff's cause of action accrued no later than March 3, 2009, when he was transferred out of the Carroll County Jail. He did not file this complaint until January 6, 2011, nearly two years after the alleged constitutional violation. Plaintiff's claims against Defendant Verner are barred by the statute of limitations.

Therefore, the Court DISMISSES the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, for failure to state a claim upon which relief may be granted. Judgment shall be entered for Defendants.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed in forma pauperis, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to

6

service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED.[2]

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Plaintiff, this is the second dismissal of one of his cases as frivolous or for failure to state a claim.[3] This "strike" shall take effect, without further action by the Court, upon expiration of the time for filing a notice of appeal, the dismissal of any appeal, or the affirmation of the district court's ruling on appeal, whichever is later.

IT IS SO ORDERED.


s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2]     If Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

[3]     Plaintiff previously filed Carroll v. Corrections Corp. of Am., No. 10-1185-JDT-egb (W.D. Tenn.), which was dismissed for failure to state a claim on March 4, 2011 That conviction has become final. Because Plaintiff was a prisoner when this case was filed, the provisions of 28 U.S.C. § 1915(g) are applicable. See cox v. Mayer, 332 F.3d 422, 424-28 (6th Cir. 2003); see also Bowling v. Runion, No. 2:05-CV-313, 2006 WL 2251994, at *1 n.1 (E.D. Tenn. Aug. 4, 2006).